**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

| | |
|---|---|
| WILLIAM GEORGE MITCHELL,<br><br>    Petitioner,<br><br>    v.<br><br>WALTER BERRY,<br><br>    Respondent. | CIVIL ACTION NO.: 6:17-cv-163 |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William Mitchell ("Mitchell"), who is currently incarcerated at Autry State Prison in Pelham, Georgia, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus challenging revocation proceedings arising from his Emanuel County conviction in 11-CR-19. Doc. 1. Respondent filed an Answer-Response and a Motion to Dismiss. Docs. 6, 7. Mitchell filed a Response to the Motion to Dismiss. Doc. 12. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** Mitchell's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Mitchell *in forma pauperis* status on appeal and a Certificate of Appealability.

### BACKGROUND

Mitchell was indicted in the Emanuel County Superior Court on two counts of theft by receiving stolen property on January 24, 2011, in case number 11-CR-19. Doc. 8-1 at 1–3. After a negotiated plea, Mitchell was sentenced on April 11, 2011, to 10 years' imprisonment on each

count, to run concurrently with each other and any other sentence Mitchell was serving at that time and to pay $5,285.00 in restitution. Upon service of two years' imprisonment, Mitchell would serve the remaining eight years of his sentence on probation. Id. at 4, 5. This judgment was filed the next day on April 12, 2011. Id. at 4. On June 17, 2014, Mitchell's probation officer filed a petition for revocation of probation, alleging that Mitchell has committed criminal trespass and failed to pay his restitution and a fee from his underlying Emanuel County convictions. Doc. 8-2 at 1. After a show cause hearing, the Emanuel County Superior Court found Mitchell guilty of the charged probation violations and sentenced him to serve five years in prison on July 16, 2014. Id. at 3; Doc. 1 at 1. Mitchell did not file a direct appeal. Doc. 7-1 at 1; Doc. 8-3 at 2.

Mitchell did file a state application for petition for writ of habeas corpus in the Dooly County Superior Court on December 1, 2014, to challenge his revocation. Doc. 1 at 2; Doc. 8-3. Mitchell asserted he received excessive punishment and fine in his original and revocation proceedings; his right against double jeopardy was violated due to convictions in two different counties (Emanuel and Toombs) based on the same charges; certain witnesses perjured themselves during the Emanuel County revocation proceedings; and there was insufficient evidence to support his convictions in both the original criminal proceedings and revocation proceedings. Doc. 8-3 at 5–6. Mitchell amended his state application and stated the trial court erred: in failing to advise him of what rights he waived by pleading guilty in his original criminal prosecution; in failing to inform him he had the right to withdraw his guilty pleas; and by revoking his probation under O.C.G.A. § 42-8-34.1(b); and his trial counsel rendered ineffective assistance by failing to inform him of his appeal rights. Doc. 8-4 at 1. The Dooly County Superior Court's denial of Mitchell's state habeas petition was entered on December 29, 2015.

Doc. 8-5; Doc. 8-6.  By that order, the Dooly County Superior Court advised Mitchell he had 30 days to file an application for certificate of probable cause to appeal with the Georgia Supreme Court and a notice of appeal in the Dooly County Superior Court within that same 30 days. Doc. 8-5 at 10.  The Supreme Court of Georgia dismissed Mitchell's application for certificate of probable cause to appeal the denial on December 8, 2016, after finding Mitchell failed to file the requisite notice of appeal with the Dooly County Superior Court.  Doc. 8-6.

Mitchell executed his § 2254 Petition on October 2, 2017, and it was filed in this Court on October 16, 2017.  Doc. 1.

## DISCUSSION

In his Petition, Mitchell avers his probation officer provided false fraud allegations against him in the petition for revocation, and law enforcement officials and the trial court did not pursue these charges.  Doc. 1 at 5.  Mitchell states he was falsely arrested and imprisoned "on a void criminal trespass warrant where no conviction procedure was done."  Id. at 6. Additionally, Mitchell states his probation officer and the alleged victim of the criminal trespass acted maliciously in having his probation revoked.  Id. at 8.

Respondent contends Mitchell's § 2254 Petition is untimely because he did not file it within one year of his Emanuel County revocation conviction becoming "final," and he is not entitled to tolling of the applicable statute of limitations period.  Doc. 7-1 at 2, 6.

**I.    Whether Mitchell Timely Filed his Petition**

Because Respondent challenges the timeliness of Mitchell's Petition, this Court must look to the applicable statute of limitations periods.  A petitioner seeking to file a federal habeas petition has one year within which to file his petition.  28 U.S.C. § 2244(d)(1).  The statute of limitations period shall run from the latest of four possible dates:

3

  (A)  the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

  (B)  the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

  Mitchell's conviction became final at the time of his completion of the direct review process or when the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). Mitchell was convicted on his probation revocation proceedings in the Emanuel County Superior Court on July 16, 2014, and he was sentenced to five years' imprisonment on the same date. Doc. 1 at 1. Mitchell then had 30 days, or until August 15, 2014, to file an application for discretionary appeal under O.C.G.A. § 5-6-35(a)(5). Mitchell did not pursue this discretionary appeal option, and his conviction became final on August 15, 2014. 28 U.S.C. § 2244(d)(1)(A). Because Mitchell's conviction became final on August 15, 2014, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

  The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the

4

application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted).

As noted above, Mitchell's conviction became final on August 15, 2014, and he filed his state habeas corpus petition on December 1, 2014. By that time, 108 days of the statute of limitations period applicable to § 2254 petitions had elapsed. Mitchell's state habeas petition was denied by order filed December 29, 2015,[1] and he had until January 28, 2016, to properly file a notice of appeal in the Dooly County Superior Court and an application for certificate of probable cause to appeal with the Georgia Supreme Court. O.C.G.A. § 9-14-52(b) ("If an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief. The petitioner shall also file within the same period a notice of appeal with the clerk of the concerned superior court."). Mitchell filed an application for certificate of probable cause with the Georgia Supreme Court, yet he failed to file a notice of appeal with the Dooly County Superior Court. Doc. 8-6.

Because Mitchell failed to file a notice of appeal with the superior court on or before January 28, 2016, the application for review was not "properly filed," and the statute of limitations period was not tolled. Williams v. Crist, 230 F. App'x 861, 865–66 (11th Cir. 2006) (citing Pace v. DiGuglielmo, 544 U.S. 408 (2005), and Wade v. Battle, 379 F.3d 1254, 1260 (11th Cir. 2004), for the proposition that state procedural rules govern whether a filing in the state court is properly filed). Because Mitchell did not properly file a notice of appeal and a

---

[1] The Dooly County Superior Court signed the order denying Mitchell's state habeas on December 20, 2015, doc. 8-5 at 10, and it was mailed for filing on December 21, 2015, doc. 8-5. Though the Court cannot discern how the Georgia Supreme Court came up with December 29, 2015, as the date this order was signed, doc. 8-6, the Court has used this later date for statute of limitations purposes.

certificate of probable cause to appeal of the denial of his state habeas corpus petition under Georgia law, the applicable statute of limitations period began running once again on January 28, 2016.

Therefore, the § 2244(d)(1) one-year clock started to run on August 15, 2014, and ran for 108 days, until December 1, 2014, when Mitchell filed his state habeas corpus petition. The clock was tolled from December 1, 2014, to January 28, 2016 (the date Mitchell's time to properly file an application for further review expired). The clock began running again on January 28, 2016, and ran for an additional 613 days, until October 2, 2017, when Mitchell executed the instant § 2254 petition. All total, 721 counted days elapsed from the date Mitchell's conviction became final to the date he executed this Petition—far in excess of the 365-day limit imposed by § 2244(d)(1). On its face, Mitchell's Petition is untimely under § 2244(d)(1)(A).

Because Mitchell has not shown he is entitled to statutory tolling, the Court must determine whether the applicable statute of limitations period was equitably tolled. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace, 544 U.S. at 418). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

In response to the Motion to Dismiss, as well as in his Petition, Mitchell contends he sent "proof of several stamped and filed documents" showing he filed his appeal with both the Dooly

6

County Superior Court and the Supreme Court of Georgia. Doc. 12 at 1; Doc. 1 at 6. Mitchell alleges the Georgia Supreme Court informed him the time for proper filing had passed, and the court would not reconsider his filings, despite only 30 days having elapsed between the time he sent his proof of filing and receipt of the response from the Georgia Supreme Court. Doc. 12 at 1. Even accepting Mitchell's allegation that he filed the requisite pleadings with the Georgia courts and was incorrectly informed that the time to properly file those pleadings had elapsed, Mitchell fails to show he was diligently pursuing his rights—the second prong of the equitable tolling provision—based on the record before the Court.

The Georgia Supreme Court's order dismissing his application for certificate of probable cause to appeal is dated December 8, 2016. Doc. 8-6. Mitchell presumably received notification of the dismissal later that same month and allegedly informed the Georgia Supreme Court he had filed a notice of appeal in the Dooly County Superior Court. From that notification until the Georgia Supreme Court responded, only "30 days more or less" elapsed. Doc. 12 at 1. Accordingly, Mitchell would have received this notification that his time to file had passed no later than February 2017. Indeed, this Court's search of the Georgia Supreme Court's docket for case number S16H0794 (Mitchell's application for certificate of probable cause to appeal) reveals that Mitchell filed an amendment to his application on March 18, 2016, and an out-of-time motion for reconsideration on December 28, 2016, which the Georgia court dismissed on February 6, 2017.[2] Nevertheless, Mitchell waited nearly eight months before executing his § 2254 Petition. Johnson v. Warden, 738 F. App'x 1003, 1005 (11th Cir. 2018) ("The Supreme Court has held that, even assuming that the prisoner has satisfied the extraordinary-circumstances prong, his failure to advance his claims within a reasonable time of their

---

[2]   https://scweb.gasupreme.org:8088/results_one_record.php?caseNumber=S16H0794, last accessed Feb. 1, 2019.

7

availability will defeat the diligence prong where advancing the claims in state post-conviction proceedings within a reasonable period would have eliminated the timeliness problem in federal court. . . . Specifically[,] in Pace, the prisoner failed to assert his claims more than a year after they became available to him and waited five months after his state proceedings had ended before seeking relief in federal court."). However, if the Court were to accept Mitchell's unsupported contentions, it would have to overlook the corroborated and undisputed facts that Mitchell was aware that he had 30 days to file both an application for a certificate of probable cause to appeal with the Supreme Court of Georgia and a notice of appeal with the Clerk of the Superior Court of Dooly County, and Mitchell failed to do so. Doc. 8-5 at 10; Doc. 8-6. In fact, Mitchell does not contest whether he had properly filed (i.e., that he had timely filed) the requisite documents. Instead, Mitchell claims he submitted proof that he filed an appeal with the Dooly Superior Court and was informed the "time had passed." Doc. 1 at 8; see also Doc. 12 at 1 ("I sent proof of several stamped and filed documents showing I did file my appeal with both State and Georgia Supreme Court. . . . The Supreme Court should have corrected itself.").

Mitchell does not present any basis for equitable tolling of the statute of limitations. Mitchell offers nothing to show that he had been pursuing his rights—diligently or otherwise—from the time of the dismissal of his state habeas proceedings until the filing of the instant § 2254 Petition and that some extraordinary circumstance prevented him from filing a timely § 2254 Petition. "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014). As he has failed to meet this burden, Mitchell is not entitled to equitable tolling.

For all these reasons, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Mitchell's Petition as untimely filed.

## II.  Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Mitchell leave to appeal *in forma pauperis* and deny him a Certificate of Appealability.  Though Mitchell has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Mitchell's Petition and Respondent's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Mitchell *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, doc. 7, **DISMISS** Mitchell's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, doc.

1, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Mitchell leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Mitchell and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of February, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA